# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK E. FIX, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 04-97E |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO: Plaintiff, Mark E. Fix, by and through his attorney of record, Lawrence D. Kerr, Esquire, BERK, WHITEHEAD, CASSOL, FELICIANI & KERR, 15 North Main Street, Greensburg, PA 15601.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant respectfully requests that the above named Plaintiff produce the information or documents requested herein, within thirty (30) days from the date of service of this Request for Production.

## DEFINITIONS

(1) Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term. The term document includes any written or recorded

8·25·05 cc: cc + lee

transmission, film or tape, or copy thereof, within the possession, custody, or control of Plaintiff or her agents.

(3) Identify (With Respect to Person or Entities). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5) Parties. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or business, legal or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

## CLAIMS OF PRIVILEGE

Should you claim a privilege with respect to a particular document or information, you must comply with the following:

(1) The claimant must state the particular rule or privilege upon which the claim is based.

(2) There must be appended to the claim any information, in addition to that in the document itself, necessary to establish the factual elements required by the privilege rule invoked. The information must be sufficiently detailed to permit decision on the claim and must be verified by affidavit by a person or person having knowledge of the facts asserted.

(3) When a document contains both privileged and unprivileged material, the unprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.

ITEMS TO BE PRODUCED

1. Any and all documents concerning, supporting or relating to any expert that you may call at the time of trial in this case including, but not limited to, the following:

    a. Curriculum vitae, resume or list of qualifications;

    b. List of any articles, books, or other learned documents such expert may have written or assisted in writing;

    c. Copy of any reports that such expert has furnished to the Plaintiff;

    d. Documents furnished to the expert for support, work papers, reference material, or any other supporting documents; and,

    e. Documents generated by such expert.

2. Any and all documents that Plaintiff intends to offer at trial in support of his claims or to use as exhibits at the time of trial in this case.

3. All witness statements, which relate to this case, whether in writing or electronically recorded, in your possession, including but not limited to those of Defendant, or its employees and/or agents, or from any representative of Defendant, past or present employee of Defendant, agents of Defendant, witnesses or purported witnesses.

4. Any and all documents that were reviewed in preparing the judicial Complaint filed in this case.

5. Any and all documents consisting of or reflecting communication between Plaintiff and Defendant, which pertain in any manner to this case.

6. All documents, including handwritten notes and diaries, prepared or kept by the Plaintiff which discuss or relate to the alleged acts of negligence that were raised in his judicial Complaint, including claims regarding his health or that relate in any manner to any issue in this action, including the original or copy of any information provided by or shown by the Plaintiff to any third party, his doctors and consultants.

7. A statement from Plaintiff itemizing any earnings that Plaintiff claims he has lost or will lose as a result of the alleged negligence by the Bureau of Prisons staff as stated in his judicial Complaint.

8. All medical or other bills that Plaintiff claims were incurred as a result of the alleged acts of negligence by the Bureau of Prisons staff as stated in his judicial Complaint.

9. All medical reports and records that have been made in connection with any medical examination or treatment of Plaintiff that have opined that Plaintiff does not have Lyme disease and/or have opined that Plaintiff has multiple sclerosis. This request includes, but is not limited to, reports and correspondence to your attorneys or experts.

10. All medical reports and records concerning any and all examinations or treatments Plaintiff may have received concerning a diagnosis of Lyme disease and/or multiple sclerosis, in the past ten (10) years and all attachments to said reports including correspondence. This request includes, but is not limited to, reports and correspondence to your attorneys or experts.

11. Any and all documents related to any claim made by Plaintiff, or any claim made on Plaintiff's behalf, for Social Security Disability benefits.

12. A copy of the transcript or statement that was taken by Attorney Richard DiBella on July 28, 1999.

    13. Any and all medical records from the Mayo Clinic and/or Altoona Hospital concerning medical care, medical treatment, opinions or diagnoses provided to Plaintiff for Lyme disease and/or multiple sclerosis.

                              Respectfully submitted,

                              MARY BETH BUCHANAN
                              United States Attorney

                              */s/ Michael C. Colville*

                              MICHAEL C. COLVILLE
                              Assistant U.S. Attorney
                              Western District of PA
                              U.S. Post Office & Courthouse
                              700 Grant Street, Suite 4000
                              Pittsburgh, PA 15219
                              (412) 894-7337
                              PA ID No. 56668


OF COUNSEL:

Diane Jacobs Lee
Assistant Regional Counsel
U.S. Department of Justice
Federal Bureau of Prisons
Northeast Regional Office
U.S. Custom House
2nd & Chestnut Streets - 7th Floor
Philadelphia, PA 19106
(215) 521-7377

## AUTHORIZATION TO RELEASE MEDICAL INFORMATION

**TO:** Mayo Clinic
c/o Medical Records Custodian

**PATIENT NAME:** *Mark E. Fix*

**BIRTH DATE:** *September 28, 1956*

**SOC. SEC. NO.:** *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*

**RELEASE TO:** Michael C. Colville, AUSA
U.S.P.O. & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

**INFORMATION REQUESTED:** I request and authorize the above-named person or class of persons to release information specified below to representatives of the United States Attorney's Office or the Department of Justice. Any and all records regarding the treatment of *Mark E. Fix* including but not limited to:

1. Complete copy of any and all medical records, medical reports, medical or psychiatric examinations, charts, progress notes, interview notes, discharge summaries, operative reports, x-rays & all imagery, laboratory tests, record of medications prescribed, and all diagnostic studies whether in electronic data or other format.

2. Billing records

3. Written expert reports or opinions concerning **Mark E. Fix**.

**PURPOSE(S) OR NEED FOR WHICH INFORMATION IS TO BE USED:**
**(Include case name or identify administrative claim.)**

The above records are needed by counsel for the Defendant, U.S.A. in the defense of the civil lawsuit that has been filed by Plaintiff, Mark E. Fix entitled: *Mark E. Fix v. U.S.A., Civil Action No. 04-97E*.

**CERTIFICATION:** I certify that this request has been made voluntarily and that the information given above is accurate to the best of my knowledge. I understand that I may revoke this Authorization at any time, provided that revocation is in writing, except to the extent that action has already been taken in reliance this Authorization. I understand that the doctor, health care provider, or health plan from whom my medical information is requested in this Authorization, may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this Authorization. I understand and potential for the information disclosed pursuant to this Authorization to be subject to re-disclosure by the recipient and no long be protected by the Standards for Privacy of Individually Identifiable Health Information, set forth in 45 CFR Parts 160 and 164.

**EXPIRATION:**
**(Check One)**

__X__ This Authorization will automatically expire upon completion of the litigation *Mark E. Fix v. U.S.A., Civil Action No. 04-97E* now pending in U.S. District Court for the Western District of Pennsylvania.

_____ This Authorization will automatically expire upon completion of the administrative claim of _____ filed on _____.

_____ This Authorization shall be effective until _____.

**OTHER CONDITIONS:**

__x__ A copy of this Authorization or my signature thereon shall be used with the same effectiveness as an original.

__x__ Communications between provider and any representative or the U.S. Attorney's Office/Department of Justice are authorized.

**SIGNATURE OF PATIENT:**_____

**OR PERSON AUTHORIZED TO SIGN FOR PATIENT:*** _____

| | |
|---|---|
| _____ | _____Mark E. Fix_____ |
| MONTH/DAY/YEAR | PRINT OR TYPE NAME |

*Provide basis of Authorization:_____

### AUTHORIZATION TO RELEASE MEDICAL INFORMATION

**TO:** Altoona Hospital
c/o Medical Records Custodian

**PATIENT NAME:** *Mark E. Fix*

**BIRTH DATE:** *September 28, 1956*

**SOC. SEC. NO.:** *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*

**RELEASE TO:** Michael C. Colville, AUSA
U.S.P.O. & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

**INFORMATION REQUESTED:** I request and authorize the above-named person or class of persons to release information specified below to representatives of the United States Attorney's Office or the Department of Justice. Any and all records regarding the treatment of *Mark E. Fix* including but not limited to:

1. Complete copy of any and all medical records, medical reports, medical or psychiatric examinations, charts, progress notes, interview notes, discharge summaries, operative reports, x-rays & all imagery, laboratory tests, record of medications prescribed, and all diagnostic studies whether in electronic data or other format.

2. Billing records

3. Written expert reports or opinions concerning **Mark E. Fix**.

**PURPOSE(S) OR NEED FOR WHICH INFORMATION IS TO BE USED:**
**(Include case name or identify administrative claim.)**

The above records are needed by counsel for the Defendant, U.S.A. in the defense of the civil lawsuit that has been filed by Plaintiff, Mark E. Fix entitled: *Mark E. Fix v. U.S.A., Civil Action No. 04-97E.*

**CERTIFICATION:** I certify that this request has been made voluntarily and that the information given above is accurate to the best of my knowledge. I understand that I may revoke this Authorization at any time, provided that revocation is in writing, except to the extent that action has already been taken in reliance this Authorization. I understand that the doctor, health care provider, or health plan from whom my medical information is requested in this Authorization, may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this Authorization. I understand and potential for the information disclosed pursuant to this Authorization to be subject to re-disclosure by the recipient and no long be protected by the Standards for Privacy of Individually Identifiable Health Information, set forth in 45 CFR Parts 160 and 164.

**EXPIRATION:**
**(Check One)**

__X__ This Authorization will automatically expire upon completion of the litigation ***Mark E. Fix v. U.S.A., Civil Action No. 04-97E*** now pending in U.S. District Court for the Western District of Pennsylvania.

_____ This Authorization will automatically expire upon completion of the administrative claim of _____ filed on _____.

_____ This Authorization shall be effective until _____.

**OTHER CONDITIONS:**

__x__ A copy of this Authorization or my signature thereon shall be used with the same effectiveness as an original.

__x__ Communications between provider and any representative or the U.S. Attorney's Office/Department of Justice are authorized.

**SIGNATURE OF PATIENT:**_____

**OR PERSON AUTHORIZED TO SIGN FOR PATIENT:*** _____

_____     __Mark E. Fix_____
MONTH/DAY/YEAR                          PRINT OR TYPE NAME

*Provide basis of Authorization:_____

### AUTHORIZATION TO RELEASE MEDICAL INFORMATION

**TO:**

**PATIENT NAME:**   *Mark E. Fix*

**BIRTH DATE:**   *September 28, 1956*

**SOC. SEC. NO.:**   *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*

**RELEASE TO:**   Michael C. Colville, AUSA
U.S.P.O. & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

**INFORMATION REQUESTED:** I request and authorize the above-named person or class of persons to release information specified below to representatives of the United States Attorney's Office or the Department of Justice. Any and all records regarding the treatment of *Mark E. Fix* including but not limited to:

1. Complete copy of any and all medical records, medical reports, medical or psychiatric examinations, charts, progress notes, interview notes, discharge summaries, operative reports, x-rays & all imagery, laboratory tests, record of medications prescribed, and all diagnostic studies whether in electronic data or other format.

2. Billing records

3. Written expert reports or opinions concerning **Mark E. Fix**.

**PURPOSE(S) OR NEED FOR WHICH INFORMATION IS TO BE USED:**
**(Include case name or identify administrative claim.)**

The above records are needed by counsel for the Defendant, U.S.A. in the defense of the civil lawsuit that has been filed by Plaintiff, Mark E. Fix entitled: *Mark E. Fix v. U.S.A., Civil Action No. 04-97E.*

Page 1 of 2

**CERTIFICATION:** I certify that this request has been made voluntarily and that the information given above is accurate to the best of my knowledge. I understand that I may revoke this Authorization at any time, provided that revocation is in writing, except to the extent that action has already been taken in reliance this Authorization. I understand that the doctor, health care provider, or health plan from whom my medical information is requested in this Authorization, may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this Authorization. I understand and potential for the information disclosed pursuant to this Authorization to be subject to re-disclosure by the recipient and no long be protected by the Standards for Privacy of Individually Identifiable Health Information, set forth in 45 CFR Parts 160 and 164.

**EXPIRATION:**
**(Check One)**

__X__ This Authorization will automatically expire upon completion of the litigation ***Mark E. Fix v. U.S.A., Civil Action No. 04-97E*** now pending in U.S. District Court for the Western District of Pennsylvania.

_____ This Authorization will automatically expire upon completion of the administrative claim of _____ filed on _____.

_____ This Authorization shall be effective until _____.

**OTHER CONDITIONS:**

__x__ A copy of this Authorization or my signature thereon shall be used with the same effectiveness as an original.

__x__ Communications between provider and any representative or the U.S. Attorney's Office/Department of Justice are authorized.

**SIGNATURE OF PATIENT:**_____

**OR PERSON AUTHORIZED TO SIGN FOR PATIENT:*** _____

_____      __Mark E. Fix_____
MONTH/DAY/YEAR                          PRINT OR TYPE NAME

*Provide basis of Authorization:_____

Page 2 of 2

| Form **8821** (Rev. February 1993) Department of the Treasury Internal Revenue Service | Tax Information Authorization | OMB No. 1545-1165 Expires 2-29-96 |

**1  Taxpayer Information** (Taxpayer(s) must sign and date this form on line 7.)

| Taxpayer name(s) and address (Please type or print.) Mark E. Fix c/o Lawrence D. Kerr, Esquire 115 North Main Street Greensburg, PA 15601 | Social security number(s) 164:48:0769 Daytime telephone number ( ) | Employer identification number Plan number (if applicable) |

**2  Appointee**

| Name and address (Please type or print.) Michael C. Colville, AUSA 412-894-7337 700 Grant Street, Suite 4000 Pittsburgh, PA 15219 | CAF No. ............................ Telephone No. ( ) ............................ Fax No. ( ) ............................ Check if new: Address ☐   Telephone No. ☐ |

The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed in line 3.

**3  Tax Matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | 1989 thru 2004 |
|  |  |  |
|  |  |  |

**4**  Specific Use Not Recorded on Centralized Authorization File (CAF).—If the tax information authorization is for a specific use not recorded on CAF, please check this box. (See **Line 4—Specific Use Not Recorded on CAF** on page 2.) . . . . . ▶ ☒
Do not use lines 5 and 6 if the box on line 4 is checked.

**5**  Disclosure of Tax Information (you must check one of the following unless box 4 is checked):

a  If you want tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box. This will cause all computer-generated notices to be sent to the appointee . . . . . . . . . . . ▶ ☐
b  If you do not want any notices or communications sent to your appointee, check this box . . . . . . . . . . . ▶ ☐

**6**  Retention/Revocation of Tax Information Authorization.—This tax information authorization automatically revokes all earlier tax information authorizations on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior tax information authorization, check this box . . . . . . . . . ▶ ☐
You MUST attach a copy of any tax information authorization you want to remain in effect.

**7**  Signature of Taxpayer(s).—If a tax matter concerns a joint return, either husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods covered.

▶ **IF THIS TAX INFORMATION AUTHORIZATION IS NOT SIGNED AND DATED, IT WILL BE RETURNED.**

| Signature | Date | Title (if applicable) |
| MARK E. FIX Print Name |  |  |
| Signature | Date | Title (if applicable) |
| Print Name |  |  |

**Privacy Act and Paperwork Reduction Act Notice.**—We ask for the information on this form to carry out the Internal Revenue laws of the United States. Form 8821 is provided by the IRS for your convenience and its use is voluntary. If you choose to designate an appointee to inspect and/or receive confidential information, under section 6109, you must disclose your social security number (SSN) or your employer identification number (EIN). The principal purpose of this disclosure is to secure proper identification of the taxpayer. We also need this information to gain access to your tax information in our files and properly respond to your request. If you do not disclose this information, the IRS may suspend processing the tax information authorization and may not be able to fill your request until you provide the number.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is: **Recordkeeping,** 7 min.; **Learning about the law or the form,** 11 min.; **Preparing the form,** 22 min.; **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form more simple, we would be happy to hear from you. You can write to both the Internal Revenue Service, Washington, DC 20224, Attention: IRS Reports Clearance Officer, T:FP; and the **Office of Management and Budget, Paperwork Reduction Project (1545-1165), Washington, DC 20503. DO NOT** send Form 8821 to either of these offices. Instead, see **Filing the Tax Information Authorization** on page 2.

Cat. No. 11596P    Form **8821** (Rev. 2-93)

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2005, a true and correct copy of the within DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS was served by mail upon the following:

>Lawrence D. Kerr, Esquire
>BERK, WHITEHEAD, CASSOL,
>    FELICIANI & KERR
>115 North Main Street
>Greensburg, PA 15601

MICHAEL C. COLVILLE
Assistant U.S. Attorney