# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK E. FIX,                          :
                                      :
        Plaintiff,                    :
                                      :
   v.                                 :   CIVIL ACTION NO. 04-97E
                                      :
UNITED STATES OF AMERICA,             :
                                      :
        Defendant.                    :

### DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

TO: Plaintiff, Mark E. Fix, by and through her attorney of record, Lawrence D. Kerr, Esquire, BERK, WHITEHEAD, CASSOL, FELICIANI & KERR, 115 North Main Street, Greensburg, PA 15601.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant respectfully requests that the above named Plaintiff produce the information or documents requested herein, within thirty (30) days from the date of service of this Request for Production.

### DEFINITIONS

(1)    Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2)    Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term. The term document includes any written or recorded transmission, film or tape, or copy thereof, within the possession, custody, or control of Plaintiff or her agents.

(3)    Identify (With Respect to Person or Entities). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or

10·20·05 cc: cl & Kee

last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

  (4)  Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

  (5)  Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

  (6)  Person. The term "person" is defined as any natural person or business, legal or governmental entity or association.

  (7)  Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

## CLAIMS OF PRIVILEGE

Should you claim a privilege with respect to a particular document or information, you must comply with the following:

  (1)  The claimant must state the particular rule or privilege upon which the claim is based.

  (2)  There must be appended to the claim any information, in addition to that in the document itself, necessary to establish the factual elements required by the privilege rule invoked. The information must be sufficiently detailed to permit decision on the claim and must be verified by affidavit by a person or person having knowledge of the facts asserted.

  (3)  When a document contains both privileged and unprivileged material, the unprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming

the privilege must clearly indicate the portions as to which the privilege is claimed.

## ITEMS TO BE PRODUCED

1. Any and all MRI films, CT Scans and reports documenting treatment or testing received by Plaintiff for his Lyme Disease or Multiple Sclerosis diagnosis.

2. Any and all medical reports, MRIs, CT Scans, films, x-rays, diagnostic test results, or examination reports, that have been prepared, maintained, or ordered by any and all Neurologists or Infectious Disease specialist who have treated or examined Plaintiff for his Lyme Disease or Multiple Sclerosis diagnosis.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

MICHAEL C. COLVILLE
Assistant U.S. Attorney
Western District of PA
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA  15219
(412) 894-7337
PA ID No. 56668

OF COUNSEL:

Diane Jacobs Lee
Assistant Regional Counsel
U.S. Department of Justice
Federal Bureau of Prisons
Northeast Regional Office
U.S. Custom House
2nd & Chestnut Streets - 7th Floor
Philadelphia, PA 19106
(215) 521-7377

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2005, a true and correct copy of the within DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS was served by mail upon the following:

>Lawrence D. Kerr, Esquire
>BERK, WHITEHEAD, CASSOL,
>    FELICIANI & KERR
>115 North Main Street
>Greensburg, PA 15601

_____
MICHAEL C. COLVILLE
Assistant U.S. Attorney