```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK E. FIX,                    )
                                )
            Plaintiff,          )   CIVIL ACTION NO. 04-97E
                                )
   v.                           )   JUDGE COHILL
                                )
UNITED STATES OF AMERICA,       )   (Electronic Filing)
                                )
            Defendants.         )
```

**DEFENDANT'S FIRST AMENDED PRETRIAL STATEMENT**

AND NOW, comes Defendant, United States of America, through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania and Michael C. Colville, Assistant U.S. Attorney for said district and files Defendant's First Amended Pretrial Statement as follows:

A.   Narrative Statement:

In this case, Plaintiff claims that Bureau of Prisons' medical personnel failed to diagnose and treat his Lyme Disease. Plaintiff alleges that he contracted the Lyme Disease while incarcerated at FCI McKean. Plaintiff claims that as a result of the alleged failure to diagnose and treat his Lyme Disease, he developed optic neuritis. This claim has no factual basis and is without merit.

In defense of Plaintiff's claims, Defendant will offer expert testimony from Dr. Gary P. Wormser, a board certified infectious disease specialist, from Westchester Medical Center, Department of Medicine, Division of Infectious Disease. Dr. Wormser will testify that Mr. Fix never had Lyme Disease and that his episodes of optic neuritis are not due to Lyme Disease.

In addition to Dr. Wormser, Defendant will offer the expert opinion of Dr. Rock A. Heyman, a board certified neurologist from the University of Pittsburgh Medical Center.  Dr. Heyman will testify that there is no evidence that Plaintiff has ever had Lyme Disease involving his nervous system or his eyes.  Moreover, Dr. Heyman will testify that based upon a review of Plaintiff's medical records and MRI films, Plaintiff has definite Multiple Sclerosis (MS) and that MS is the cause of his visual loss and neurologic abnormalities.

Defendant's experts will further testify that Plaintiff did not have symptoms which should have or could have supported a clinical diagnosis of Lyme Disease.  In this regard, it will be established through testimony and the medical record that Plaintiff never presented with a "bulls eye" rash which is indicative of Lyme disease nor did he present with symptoms which are indicative of Lyme Disease.  The testimony and medical records will also establish that Plaintiff received three (3) Western Blot tests which are used to confirm Lyme Disease and that on each occasion the test results came back as negative for Lyme Disease.  The record will also establish that Plaintiff underwent two lumbar puncture tests which are used to detect Lyme DNA and that in each of these tests the results were also negative. Regarding the most recent lumbar puncture in May 2006, it is noteworthy that Plaintiff's own expert neurologist, Dr. Mitchell S. Felder, has commented in his expert report that the results of the lumbar puncture test he ordered may be interpreted as supportive as a

"Demyelinating Disease such as Multiple Sclerosis."  Finally, testimony and the medical record will establish that Plaintiff has had five (5) MRI tests each of which were interpreted as abnormal and consistent with MS.  Dr. Heyman will undoubtedly comment that the MRIs are so typical for MS in pattern, distribution and inflamation that he could use them to teach his medical students and residents at UPMC.

In short, Defendant will offer evidence and testimony which will expose Plaintiff's inability to meet his burden of proof.  In this regard, Defendant will show that Plaintiff did not have Lyme disease and as such cannot prove that Defendant was negligent in failing to diagnose and treat Lyme Disease.  Moreover, Defendant will prove beyond a reasonable doubt that Plaintiff's optic neuritis is the result of MS, a condition he is unwilling to acknowledge or accept, and not Lyme Disease.

2.  <u>Damages</u>:

Defendant will challenge any claim for damages on the basis that Plaintiff's condition is a direct result of his MS and not due to an alleged failure to diagnose and treat Lyme Disease.  In addition, Defendant will challenge Plaintiff's lost earnings projections by reviewing his past earnings history.

3.  <u>Witnesses</u>:

<u>Liability/Damages</u>

1. Dr. Rock A. Heyman
2. Dr. Gary S. Wormser
3. Dr. Stephen J. Shymansky

    4.    Joanne Chiorazzi, IRS Disclosure Assistant

    5.    Wadi Hamandi, MLP (ret.)

    6.    Defendant incorporates by reference all of the witnesses identified in Plaintiff's Pretrial Statement

4. <u>Depositions</u>:

    1.    Deposition of Wadi Hamandi

    2.    Deposition of Mark Fix

5. <u>Exhibits</u>:

    a.    Plaintiff's medical records

    b.    Plaintiff's Certified IRS Tax Records 1989-2004

    c.    Plaintiff's Western Blot test results

    d.    Plaintiff's Lumbar puncture test results

    e.    Plaintiff's MRI films

    f.    MRI power point CD

    g.    Plaintiff's medical records from Dr. Joseph Joseph

    h.    Plaintiff's medical records from Dr. Mitchell Felder

    I.    Dr. Mitchell Felder's billing records

    j.    Demonstrative exhibits

    k.    Plaintiff's Medical Records from Dr. J. Stephen Shymansky

    l.    MRI Reports

6. <u>Expert Reports</u>:

    1.    Dr. Gary P. Wormser report dated February 16, 2006, attached as Exhibit "A"

    2.    Dr. Rock A. Heyman report dated October 1, 2006 and Addendum dated October 13, 2006, attached as Exhibit "B"

```
                              Respectfully submitted,

                              MARY BETH BUCHANAN
                              United States Attorney


                              /s/ Michael C. Colville
                              MICHAEL C. COLVILLE
                              Assistant U.S. Attorney
                              Western District of PA
                              U.S. Post Office & Courthouse
                              700 Grant Street, Suite 4000
                              Pittsburgh, PA 15219
                              (412) 894-7337
                              PA ID No. 56668
```

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing DEFENDANT'S PRETRIAL STATEMENT was served electronically and/or by first-class mail, this 10th day of January, 2007, to the following:

>Lawrence D. Kerr, Esquire
>BERK, WHITEHEAD, CASSOL,
>   FELICIANI & KERR
>115 North Main Street
>Greensburg, PA 15601


>/s/ Michael C. Colville
>MICHAEL C. COLVILLE
>Assistant U.S. Attorney