IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK E. FIX,                    )
                                )
            Plaintiff,          )    CIVIL ACTION NO. 04-97E
                                )
      v.                        )    JUDGE COHILL
                                )
UNITED STATES OF AMERICA,       )    *(Electronic Filing)*
                                )
            Defendants.         )


## JOINT STIPULATION OF THE PARTIES

AND NOW, come the parties by and through their counsel and file the following Joint Stipulation:

A.  Stipulated Facts:

1.  The parties stipulate that the Court has personal jurisdiction and stipulate that venue is proper in the Western District of Pennsylvania.

2.  The parties stipulate that Plaintiff has exhausted his administrative remedies under the Federal Tort Claims Act, subject to the Defendant's objection as to the timeliness of Plaintiff's administrative claim and this Court's lack of subject matter jurisdiction.

3.  Plaintiff has optic neuritis which is likely permanent.

4.  Plaintiff claims that Defendant's failure to diagnose and treat his Lyme Disease caused or was a substantial contributing factor of his optic neuritis.  Defendant contends that Plaintiff never had Lyme Disease, but that Plaintiff's optic neuritis was solely caused by Multiple Sclerosis.

B.    <u>Issues to be Decided</u>:

The issue to be decided is whether there was medical negligence.  Plaintiff claims that Defendant breached the standard of care by failing to timely diagnose and treat his Lyme Disease. Plaintiff claims that the breach of the standard of care was the proximate cause, or substantial contributing factor of his optic neuritis.  In contrast, Defendant argues that there was no failure to diagnose and treat Plaintiff for Lyme Disease because he did not have Lyme Disease and thus there was no breach of the standard of care.  Defendant further argues that even if there had been a breach in the standard of care, Plaintiff cannot establish that such a breach was a proximate cause, or substantial contributing factor of his Lyme Disease since the sole cause of Plaintiff's optic neuritis is his Multiple Sclerosis.

C.    <u>Authenticity and Admissibility of Exhibits</u>:

The Parties stipulate to the authenticity and admissibility of the medical records exchanged between the parties.

D.    <u>Expert Qualifications</u>:

The parties stipulate that the medical experts are qualified to testify, subject to impeachment concerning the weight of their testimony.

E.    <u>Deposition Testimony</u>:

The parties stipulate to portions of Mr. Wadie Hamandi's discovery deposition to be read into the record.  In this regard, the parties have agreed to read the following pages of Mr. Hamandi's deposition transcript into the record:  page 1, line 7

2

through page 62, line 25; pages 66 through 68; page 74, lines 13-19; page 78, line 3 through page 79, line 9.

                          Respectfully submitted,

                          MARY BETH BUCHANAN
                          United States Attorney


                          /s/ Michael C. Colville
                          MICHAEL C. COLVILLE
                          Assistant U.S. Attorney
                          Western District of PA
                          U.S. Post Office & Courthouse
                          700 Grant Street, Suite 4000
                          Pittsburgh, PA 15219
                          (412) 894-7337
                          PA ID No. 56668

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing JOINT STIPULATION OF THE PARTIES was served electronically and/or by first-class mail, this 23rd day of February, 2007, to the following:

Lawrence D. Kerr, Esquire
BERK, WHITEHEAD, CASSOL,
   FELICIANI & KERR
115 North Main Street
Greensburg, PA 15601

/s/ Michael C. Colville
MICHAEL C. COLVILLE
Assistant U.S. Attorney